Dear Mr. LeBlanc:
Your opinion request concerns a recent public bid process. The Invitation to Bid (ITB) contained a requirement of bid security in the amount of $75,000.00. The bid of International Refrigerated Facilities, Inc. (IRF) contained as bid security, three letters of credit, two from Hibernia National Bank in the amount of $22,500.00 and $30,000.00 and one from the First National Bank of Jefferson Parish. You have no question that the letter of credit from First National Bank of Jefferson is in proper form. Your question is directed at the validity of the two Hibernia letters. One, in the amount of $22,500.00 is referenced "For Account of Harry T. Widman" and one for $30,000.00 referenced "For Account of Widman, Harry T. Bridgewater, Robert.
The "Bid Security" specification of the (ITB) provides that the security "shall guarantee that the contractor will . . . enter into the contract . . . You state that the two Hibernia letters will only come into the hands of the state if the two above named persons fail to sign the contract. You also state that there is no mention of either of these persons in (IRF's) bid response which was signed by Jim Longo.
The question therefore is, whether or not the letters of credit from Hibernia, comply with the bid specifications. The bid security specifications in the (ITB) allow for the use of an irrevocable letter of credit. There was some question on the expiration date of these letters but we have been supplied evidence that all three have been extended and are in full force at this time.
As we understand it, the issue on the letters of credit arises out of the following language to be used to collect on the letters. The state must certify as follows if the contract is not signed.,
 "We certify that International Refrigerated Inc. was awarded the bid under Proposal No. Y 40002A and Harry T. Widman has failed to sign the related contract or has failed to supply a performance bond within 15 days after notification was sent."
The second letter of credit contains the same language with Robert Bridgewater's name also included.
An individual named Jim Longo signed the bid on behalf of (IRF). The bid specifications, in section 6, require that, "Bid security furnished by the contractor shall guarantee that the contractor will, if awarded the work . . . enter into the contract . . ."
The two letters of credit at issue here plainly serve that purpose. The letters promise that the bank will pay the sums set forth therein if the state makes the certification called for therein. As stated above, that certification is,
 1. That (IRF) was awarded the bid under Proposal No. Y40002A and;
 2. That Harry T. Widman and Robert Bridgewater have failed to sign the related contract or supply a performance bond . . .
In order to trigger the letter, the contract must be awarded to IRF. If no one authorized by IRF, be it Widman, Bridgewater or Longo signs the contract then obviously Widman and Bridgewater have failed to sign and the letter can be collected on upon the State's certification.
If the contract is signed by any of the above persons and a performance bond obtained then the letter's purpose has ceased to be. Put another way, the State either gets its contract or collects on the letter, for if no one has signed the contract obviously Widman or Bridgewater have not signed it therefore the conditions for collection have been met.
It is the opinion of this office that the letters of credit from Hibernia Bank submitted for our review are valid as bid security for the contract in question.
Since we have stated that the letters of credit are valid it is unnecessary to reach the other question in your opinion request.
Trusting the above to be of sufficient information, we remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General